ALTENBERND, Judge,
Specially concurring in part and dissenting in part.
I fully concur in the certified question and recognize that the court’s opinion is entirely consistent 'with the cited precedent. This is a case in which the evidence unquestionably supports the jury’s verdict finding that Mr. Haygood committed second-degree murder. At the same time, the evidence would also have permitted the jury to return a verdict of manslaughter by act if the jury had received the correct instruction. I am hard pressed to believe that any reasonable jury would have found that the evidence in this case supported a theory of manslaughter by culpable negligence.
In this context, I do not believe that the fundamental error identified in Montgomery is rendered harmless by the instruction on manslaughter by culpable negligence. It is useful to consider that a fundamental error must be harmful before it can be classified as fundamental. See Reed v. State, 887 So.2d 366, 870 (Fla.2002) (“By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental.”). I simply fail to see the logic by which a fundamental error of this kind becomes harmless merely because a jury receives an alternative instruction that has little or no application to the evidence presented at trial. I am also not convinced that “pardon power” analysis is the best approach to this particular problem. I recognize that this panel lacks the power to reverse and remand for a new trial under existing precedent, but I believe the case law needs a tweaking to permit a new trial in this type of case in order to fully comply with the supreme court’s holding in Montgomery.